# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK ANDERSEN and BALRAJ PAUL, derivatively on behalf of UNDER ARMOUR, INC., | Case No. 1:18-cv-02239-RDB |
| Plaintiffs, | Hon. Richard D. Bennett |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF CO-LEAD COUNSEL FOR PLAINTIFFS** |
| KEVIN A. PLANK, BRAD DICKERSON, GEORGE W. BODENHEIMER, DOUGLAS E. COLTHARP, JERRI L. DEVARD, KAREN W. KATZ, A.B. KRONGARD, ERIC T. OLSON, HARVEY L. SANDERS, LAWRENCE P. MOLLOY, and THOMAS J. SIPPEL, | |
| Defendants, | |
| and | |
| UNDER ARMOUR, INC., | |
| Nominal Defendant. | |

[caption continues on following page]

| | |
|---|---|
| ANTHONY VISKOVICH, derivatively on behalf of Nominal Defendant UNDER ARMOUR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN A. PLANK, DAVID E. BERGMAN, LAWRENCE P. MOLLOY, BRAD DICKERSON, GEORGE W. BODENHEIMER, DOUGLAS E. COLTHARP, KAREN W. KATZ, ERIC T. OLSON, HARVEY L. SANDERS, JERRI L. DEVARD, MOHAMED EL-ERIAN, BYRON K. ADAMS, JR., A.B. KRONGARD, and WILLIAM R. MCDERMOTT,<br><br>Defendants,<br><br>and<br><br>UNDER ARMOUR, INC.,<br><br>Nominal Defendant. | Case No. 1:20-cv-03390-ELH<br><br>Hon. Ellen L. Hollander |

Plaintiffs Balraj Paul and Anthony Viskovich ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for an order consolidating the above-captioned derivative actions (the "Demand Made Derivative Actions") and appointing Co-Lead Counsel for the consolidated action.

## I.    INTRODUCTION

The above-captioned actions[1] are brought derivatively on behalf of Under Armour, Inc. ("Under Armour," the "Company," or "Nominal Defendant") against its current and former

---

[1] Additionally, two derivative actions are currently pending in this District (and recently consolidated with one another on December 21, 2020) and are brought on behalf of Under Armour: *Olin v. Plank, et al.*, Case No. 1:20-cv-02523-RDB (the "*Olin* Action") and *Smith v. Plank, et al.*,

directors and officers.[2] Plaintiffs allege in their respective complaints, among other things, that defendants breached their fiduciary duties by manipulating the Company's reported financial results to overstate the demand, and trend in demand, for its products. Specifically, Plaintiffs allege that the defendants caused the Company to "pull forward" revenue that otherwise would have occurred in later quarters, if at all, to appear to maintain Under Armour's streak of 26 quarters of 20% revenue growth. Defendants improper conduct was revealed only after two years of investigations by the U.S. Department of Justice ("DOJ") and U.S. Securities and Exchange Commission ("SEC").

Because the Demand Made Derivative Actions are based on substantially the same facts, contain similar causes of action, and are brought against many of the same defendants, Plaintiffs seek entry of an Order consolidating the Demand Made Derivative Actions and setting a leadership structure for the consolidated action.

---

Case No. 1:20-cv-02589-RDB (the "*Smith* Action") (collectively, the "Demand Excused Actions"). However, unlike here, the plaintiffs in the Demand Excused Actions did not make a litigation demand to Under Armour's Board of Directors (the "Board") before commencing their actions and allege that demand is excused under Maryland law, the state of incorporation for Under Armour. As such, the plaintiffs in the Demand Excused Actions must demonstrate that demand of the Board of Under Armour was futile under Maryland law, a showing which Plaintiffs here need not make. Thus, given the differing threshold issues that must be addressed by the Court, the Demand Made Derivative Actions should not be consolidated with Demand Excused Actions.

[2] Defendants are Kevin A. Plank, Brad Dickerson, George W. Bodenheimer, Douglas E. Coltharp, Jerri L. Devard, Karen W. Katz, A.B. Krongard, Eric T. Olson, Harvey L. Sanders, Lawrence P. Molloy, Thomas J. Sippel, David E. Bergman, Mohamed El-Erian, Byron K. Adams, Jr., and William R. McDermott.

## II.    PROCEDURAL BACKGROUND

### A.    The *Andersen* Action

On July 5, 2017, plaintiffs Brock Andersen[3] and Balraj Paul made a written demand on Under Armour's Board to investigate and, if warranted, take legal action against those responsible for damages the Company has suffered related to certain misleading disclosures issued beginning in July 2014 regarding Under Armour's growth, prospects, and business practices.

On November 10, 2017, the Company's counsel responded that a majority of purportedly "disinterested and independent directors voted to adopt the findings and recommendations" in a report by the review group, which had purportedly not found any evidence supporting the demand's allegations.

On January 11, 2018, plaintiffs Brock Andersen and Balraj Paul sent a follow-up communication requesting confirmation that the factual allegations detailed in the complaint filed in the Securities Class Action[4] were not considered or addressed by the review group or the Board in refusing to pursue claims. The Board reaffirmed its prior determination to refuse the demand on February 23, 2018.

On July 23, 2018, plaintiffs Brock Andersen and Balraj Paul commenced a derivative action against certain of Defendants, alleging, among other things, that the Board had wrongfully refused their demand and that certain current and former directors and officers of the Company had breached their fiduciary duties in connection with the materially misleading public statements. That action is captioned *Andersen et al. v. Plank, et al.*, Case No. 1:18-cv-02239 (the "*Andersen* Action").

---

[3] Plaintiff Brock Andersen sold his Under Armour stock and therefore no longer has standing to pursue claims derivatively on behalf of nominal defendant Under Armour.

[4] *In re Under Armour Securities Litigation*, Case No. 1:17-cv-00388 (D. Md.)

The *Andersen* Action was stayed until the earlier of an order on any motion to dismiss the second amended complaint in the Securities Class Action or a notification of settlement of the Securities Class Action. The *Anderson* Action remained stayed through the appeal of dismissal orders in the Securities Class Action, which was resolved on or about September 14, 2020. Thus, Defendants have not yet filed a responsive pleading in the *Andersen* Action.

On December 30, 2019, plaintiff Balraj Paul issued another written demand on Under Armour's Board asking it to investigate and, if warranted, take legal action against those responsible for damages the Company suffered related to certain materially misleading public statements made beginning in August 2016 regarding Under Armour's business, operations and financials, revenues, and revenue recognition practices.

On November 17, 2020, the Company's counsel responded, stating that "the disinterested and independent members of the Board voted unanimously" to adopt the findings and recommendations in a report generated by the review group, which had purportedly not found any evidence supporting the demand's allegations.

### B.    The *Viskovich* Action

On September 22, 2020, plaintiff Anthony Viskovich made a written demand on Under Armour's Board to investigate substantially the same conduct alleged in the demand by plaintiffs Brock Andersen and Balraj Paul, following disclosures in November 2019 that the DOJ and SEC were investigating the Company. The demand attached and incorporated by reference a demand made by plaintiff Viskovich's counsel on May 29, 2020 on behalf of another Under Armour shareholder, non-party Patrick McDonald (the "McDonald Demand").

When plaintiff Viskovich served his demand, he was aware that the McDonald Demand had been served four months earlier and that the Board had neither responded to it nor confirmed

receipt. Nevertheless, Plaintiff served the Viskovich demand and gave the Board further opportunity to adequately discharge its fiduciary duties.

On November 20, 2020, plaintiff Viskovich commenced a derivative action against certain of Defendants alleging, among other things, that the Board's failure to respond to the McDonald Demand, a follow up letter sent on July 13, 2020, and plaintiff Viskovich's demand constitutes a constructive refusal, in violation of Maryland law. His action is captioned *Viskovich v. Plank, et al.*, Case No. 1:20-cv-03390 (the "*Viskovich* Action").

### C.    Additional Litigation Demands

Between December 2019 and January 2020, several additional Under Armour shareholders, including Robert Lowinger, William L. Robison,  and Oscar Weller (together, the "Demand Shareholders"), served litigation demands on Under Armour's Board arising from substantially the same subject matter as the Demand Made Derivative Actions. These demands were also rejected by the Board. The Demand Shareholders have not yet filed derivative complaints.

## III.    ARGUMENT

Consolidation of the Demand Made Derivative Actions is appropriate given their substantial overlap of defendants and claims. Appointment of a leadership structure is warranted and will serve to promote efficient  non-duplicative prosecution of these actions.

### A.    Consolidation of the Demand Made Derivative Actions is Appropriate

Consolidation of the Demand Made Derivative Actions is appropriate because each involves common questions of fact and law, are substantially similar in terms of their underlying factual and legal claims, and are both at the earliest state of litigation (*i.e.*, no responsive pleadings have been filed). Rule 42(a) of the Federal Rules of Civil Procedure permits courts to consolidate

actions involving common questions of law or fact to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The Demand Made Derivative Actions each allege breaches of fiduciary duty arising out of the same conduct: the materially misleading public statements and accounting manipulation during the Company's fiscal 2015 and 2016 that misled the public regarding reported revenues, and demand for Under Armour's products. Both actions also allege that Defendants were unjustly enriched as well as additional claims related to alleged breaches of fiduciary duties. Specifically, the *Andersen* Action further alleges that certain defendants breached their fiduciary duties by selling their Under Armour stock while in possession of material non-public information (*i.e.*, the true nature of the Company's business condition and prospects). The *Viskovich* Action further alleges a claim for contribution for violations of Section 10(b) of the Securities Exchange Act of 1934, arising from the allegations in the related Securities Class Action.

There is also substantial overlap in the defendants: ten of the individuals are named in both actions. The *Andersen* Action also names Thomas J. Sippel who served as a director of the Company until April 2015 and oversaw and/or caused Under Armour to issue certain misleading disclosures. The *Viskovich* Action also names David E. Bergman (the Company's Chief Financial Officer since February 2017), Mohamed El-Erian (a director since October 2018, after the *Andersen* complaint was filed), and Byron K. Adams, Jr. and William R. McDermott (former Under Armour directors).

Therefore, the Demand Made Derivative Actions raise substantially similar legal and factual questions and will involve essentially the same motion practice, discovery, witnesses, documentary evidence, and trial considerations. *See KBC Asset Mgmt. NV v. McNamara*, 78 F.

Supp. 3d 599, 602-03 (D. Del. 2015) (consolidating two derivative actions alleging common, though not identical, facts against "nearly identical" defendants).

### B.      Organization of Plaintiffs' Counsel

Plaintiffs respectfully submit that the designation of Co-Lead and Co-Liaison Counsel and a Plaintiffs' Executive Committee chaired by Co-Lead Counsel and comprised of counsel for the Demand Shareholders will promote the orderly progression of this litigation, avoid duplicative litigation, and ensure that all plaintiffs and demand shareholders are able to participate in prosecuting this litigation in an efficient and coordinated fashion. Plaintiffs propose Johnson Fistel, LLP ("Johnson Fistel") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel and Co-Chairs of the Plaintiffs' Executive Committee, Brown Goldstein Levy, LLP ("Brown Goldstein") and Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow") as Co-Liaison Counsel, and Kirby McInerney LLP and counsel to the Demand Shareholders, Stull, Stull & Brody, the Weiser Law Firm, P.C., and Schubert Jonckheer & Kolbe LLP, as the members of the Plaintiffs' Executive Committee.  As demonstrated by their firm résumés, attached as Exhibits A through C hereto, each firm proposed as Co-Lead and Co-Liaison Counsel is experienced in derivative litigation and would commit substantial resources to prosecute the consolidated action. The members of the proposed Plaintiffs' Executive Committee are likewise highly experienced shareholder counsel who will assist in the prosecution of the derivative claims led by Co-Lead Counsel

### 1.      Johnson Fistel is Well-Qualified to Serve as Co-Lead Counsel

Johnson Fistel, a national law firm with offices located in California, Georgia, and New York, has a long-standing track record of achieving excellent results on behalf of corporations and their shareholders. *See* Exhibit A (Johnson Fistel Firm Résumé).

Notably, the firm has been retained not only by shareholders, but also by publicly traded companies, to pursue former directors for breaches of fiduciary duty in a number of matters. For example, in February 2012, Johnson Fistel filed a derivative action on behalf of Powerwave Technologies, Inc. ("Powerwave"). When the company went into bankruptcy, Johnson Fistel, based upon its track record of success, was retained by the U.S. Chapter 7 Trustee of Powerwave, and approved by the U.S. Bankruptcy Court for the District of Delaware in *In re Powerwave Technologies, Inc.*, Case No. 13-10134 (MFW). In that role, Johnson Fistel secured a $5.5 million settlement for the estate. *Id.*

In addition, the U.S. Chapter 7 Trustee of Artes Medical, Inc. ("Artes") retained Johnson Fistel to pursue claims for breach of fiduciary duty against Artes' former officers and directors. After years of hard-fought litigation, Johnson Fistel negotiated a multi-million-dollar settlement, which the bankruptcy court approved. In finding that "[t]here's no question in my mind that this settlement is in the best interest of this Estate," the Honorable Laura S. Taylor stated, "I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *Id.*

Because of its experience representing both shareholders and corporations, Johnson Fistel stands apart from other plaintiffs-side securities firms in this arena. Indeed, Johnson Fistel has a sterling reputation in the field of shareholder litigation, with a long track record of success in derivative actions, and has the resources to litigate the consolidated action to trial, if necessary. For example, in *Nally on behalf of 3D Systems Corp. v. Reichental, et al.,* No. 0:15-cv-03756-MGL, 2017 WL 1135122 (D.S.C. Mar. 27, 2017), a shareholder derivative action in which Johnson Fistel was appointed as co-lead counsel, Judge Lewis noted that the firm "possesses extensive experience and impressive records of success in cases similar to the [r]elated [a]ctions" and "ha[s]

prosecuted the litigation with well-pled and thorough pleadings." *Id.* That matter was successfully resolved causing sweeping corporate governance reforms to be implemented at the company. Similarly, in connection with final approval of a derivative settlement in *In re Heelys, Inc. Derivative Litig.*, No. 3:07-CV-1682-K, 2009 WL 10704478 (N.D. Tex. Nov. 17, 2009), Judge Kinkeade noted that the "quality of representation by [Johnson Fistel] was witnessed first-hand by this Court through their articulate, high quality, and successful pleadings" and "as shown by their excellent efforts in this case, [Johnson Fistel attorneys] are dedicated to vindicating the rights of shareholders." *Id.* at *9 (granting final approval of a settlement agreement that required the company to implement broad governance improvements).

Johnson Fistel's recent successes in shareholder derivative cases include *Bagot and Steinberg v. Bracken*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.), where, serving as sole lead counsel in a derivative action brought on behalf of HCA Holdings, Inc. ("HCA"), Johnson Fistel secured a settlement which included a payment of $19 million to HCA, the appointment of a new independent director, and implementation of significant corporate therapeutics. *See* Ex. A Similarly, in *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct., Cook County), Johnson Fistel was appointed Co-Lead Counsel and successfully prosecuted derivative claims against Motorola, Inc.'s officers and directors resulting in significant corporate therapeutic changes throughout the company—changes that were valued by one expert at over $1 billion. *Id.*

Johnson Fistel and GPM have also worked collaboratively with one another to secure successful resolutions in shareholder class and derivative litigation including recently in *Verma v. Costolo et al.*, C.A. No. 2018-0509-PAF (Del. Ch.), where Johnson Fistel and GPM helped to secure a proposed settlement of a derivative action currently pending court approval resulting in aggregate recovery of $47 million and significant corporate governance reforms for the benefit of

Twitter, Inc., and in *In re: Groupon Derivative Litigation*, No. 12-cv-5300 (N.D. Ill. 2012) where Johnson Fistel and GPM secured a settlement of consolidated derivative action resulting in corporate governance reforms which created an estimated $159 million in potential shareholder value. In the shareholder class context, in *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.), Johnson Fistel and GPM, as court-appointed co-lead counsel, recovered $21 million on behalf of a class of shareholders in a case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.* In approving the settlement, Judge W. Louis Sands expressed his satisfaction with the settlement and offered the following commentary: "I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing . . . ." *Id.*

Given Johnson Fistel's unique and extensive experience, and proven successes, including the firm's successful recent collaborations with GPM, the best interests of Under Armour and its shareholders will be served with Johnson Fistel as Co-Lead Counsel in this matter.

### 2.    GPM is Well-Qualified to Serve as Co-Lead Counsel

GPM's attorneys have decades of experience litigating stockholder derivative lawsuits, securities class actions, and other class litigation. In the past 25 years, GPM has served as lead counsel or as a member of plaintiffs' counsel executive committees in cases resulting in the recovery of billions of dollars for parties wronged by corporate fraud and malfeasance. The firm has been recognized as one of the top plaintiffs' law firms in the United States by the Institutional Shareholder Services unit of RiskMetrics Group.

Recent derivative litigation in which GPM attorneys played a significant role include the following: *Witchko v. Schorsch, et al.*, No. 1:15-cv-06043 (S.D.N.Y.) (settlement of Maryland law

derivative claims for over $286 million after five years of litigation); *Verma v. Costolo et al.*, C.A. No. 2018-0509-PAF (Del. Ch.) (proposed settlement of derivative action currently pending court approval resulting in aggregate recovery of $47 million and significant corporate governance reforms); *In re: Groupon Derivative Litigation*, No. 12-cv-5300 (N.D. Ill. 2012) (settlement of consolidated derivative action resulting in sweeping corporate governance reform estimated at $159 million); *Bangari v. Lesnik, et al.*, No. 11 CH 41973 (Ill. Cir. Ct., Cnty. of Cook) (settlement of claim resulting in payment of $20 million to Career Education Corporation and implementation of extensive corporate governance reform); *In re Diamond Foods, Inc. Shareholder Litigation*, No. CGC-11-515895 (Cal. Sup. Ct., Cnty. of San Francisco) ($10.4 million in monetary relief including a $5.4 clawback of executive compensation and significant corporate governance reform). *See generally* Exhibit B (GPM Firm Résumé).

### 3.    Brown Goldstein is Well Qualified to Serve as Co-Liaison Counsel

Brown Goldstein has been local counsel in several other securities and derivative suits in this District. That experience, the firm's high-quality work, and its knowledge of the local courts make it well qualified to serve as Co-Liaison Counsel in this matter. With twenty-two lawyers, Brown Goldstein has a demonstrated record of providing effective representation in a wide range of matters, including class actions, disability rights, and commercial litigation. *See* https/browngold.com/practice-areas/. Examples of the firm's work include: representing a minority investor in fight for control of a commercial real estate project worth hundreds of millions of dollars and representing a publicly traded regional home builder in a dispute with its principal lender and again in a disputed multi-million dollar commission to an investment banker. *See* https://browngold.com/practice-areas/commercial-litigation/. Representing defendants, Brown Goldstein won  dismissal of outside directors from suit for alleged securities fraud that ultimately settled for $7.5 million against other defendants. *Id*.  The firm also won dismissal in trial court and

successfully defended on appeal a fraud case brought against a Fortune 500 company by a former

owner of a company subsidiary and successfully represented a group of ambulatory surgery centers

in defending a $20 million lawsuit brought by a national insurance company alleging violations of

RICO and ERISA and in prosecuting a counterclaim for over $20 million of payments due for

services provided to patients insured by the company. *Id.*

Brown Goldstein also has an active class action practice.  In *Luquetta v. Regents of the University of California*, the firm won $49 million for University of California professional degree students for tuition overcharges (2012), and in *Kashmiri v. Regents of the University of California*, the firm won $42 million for University of California students for tuition overcharges. Judgment affirmed on appeal at 156 Cal. App. 4th 809 (2007). *See* https://browngold.com/practice-areas/class-actions/. Brown Goldstein was part of a consortium of law firms that represented a certified class of over 570 disabled Social Security Administration workers who claimed that the SSA discriminated against employees with targeted disabilities in affording promotions and other career advancement opportunities, obtaining a settlement that included substantial prospective and monetary relief. *Id.*  In the disability rights field, Brown Goldstein has represented plaintiffs and organizations around the country in cases involving the right of blind voters to cast a private absentee ballot, employment matters, access to education, access to technology, and access to housing. *See* https://browngold.com/practice-areas/civil-rights/disability-rights.

### 4. Adelberg Rudow is Well Qualified to Serve as Co-Liaison Counsel

Adelberg Rudow has been local counsel in several other securities and derivative suits in this district.

Among the most significant, Adelberg Rudow, was the lead local counsel in the *Royal Ahold Class Action* (*In re Royal Ahold N.V. Securities & ERISA Litigation,* 461 F. Supp. 2d 383

(D. Md. 2006)) resulting in a recovery of over one billion dollars (the first such recovery in Maryland Federal Courts).

In addition, Adelberg Rudow has served as local counsel in several derivative and class actions brought in both the Federal and State Courts in Maryland.

During a varied and extensive career in complex litigation lead counsel Andrew Radding, who will serve as lead co-liaison counsel, along with his colleagues has been successful in setting the standards of "fair use copyright law" for the Fourth Circuit (*Bond v. Blum,* 317 F.3d 385 (2003)).

Mr. Radding was also a pioneer in copyright infringement actions regarding unfair use of privately transmitted supporting events. See *Storer Cable Communications v. Joe's Place Bar & Restaurant,* 819 F. Supp. 593 (W.D. Ky. 1993) and *That's Entertainment, Inc. v. J.P.T. d/b/a Colonial Inn, et al.,* 843 F. Supp. 995 (D. Md. 1993).

Counsel has also extensively been involved in litigation regarding the distribution of medical products and the ongoing and extensive litigation regarding mortgages and related issues in the State of Maryland both in the State and Federal Courts.

In general Mr. Radding and Adelberg Rudow have been involved in extensive complex commercial litigation including but not limited to class actions, derivative litigation, intellectual property litigation, Government responsibility and the like for well over thrity years and Adelberg Rudow is well qualified to serve as co-liaison counsel herein.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order consolidating the Demand Made Derivative Actions and appointing Johnson Fistel and GPM as Co-Lead Counsel and Co-Chairs of the Plaintiffs' Executive Committee, Brown Goldstein and Adelberg Rudow as Co-Liaison Counsel, and Kirby McInerney LLP, Stull, Stull & Brody, the

Weiser Law Firm, P.C., and Schubert Jonckheer & Kolbe LLP as members of the Plaintiffs' Executive Committee in the consolidated action.

DATED: January 7, 2021                                Respectfully submitted,

                                                      **JOHNSON FISTEL, LLP**

                                                      _____/s/_____
                                                      Michael I. Fistel, Jr. (admitted pro hac vice)
                                                      William W. Stone
                                                      Murray House
                                                      40 Powder Springs Street
                                                      Marietta, GA 30064
                                                      Telephone: (470) 632-6000
                                                      Facsimile: (770) 200-3101
                                                      michaelf@johnsonfistel.com
                                                      williams@johnsonfistel.com

                                                      **BROWN GOLDSTEIN LEVY, LLP**
                                                      Joseph B. Espo, Federal Bar No. 07490
                                                      Dana W. McKee, Federal Bar No. 04447
                                                      120 E. Baltimore Street, Suite 1700
                                                      Baltimore, MD 21202
                                                      Telephone: (410) 962-1030
                                                      Facsimile: (410) 385-0869
                                                      jbe@browngold.com
                                                      dwm@browngold.com

                                                      *Counsel for Plaintiff Balraj Paul*

                                                      **ADELBERG, RUDOW, DORF & HENDLER LLC**

                                                      _____/s/_____
                                                      Andrew Radding, Bar No. 00195
                                                      7 Saint Paul Street, Suite 600
                                                      Baltimore, MD 21202
                                                      Telephone: (410) 986-0824
                                                      aradding@adelberg.com

                                                      **GLANCY PRONGAY & MURRAY LLP**
                                                      Matthew M. Houston
                                                      Benjamin I. Sachs-Michaels
                                                      712 Fifth Avenue, 31st Floor

14

New York, NY 10019
Telephone: (212) 935-7400
mhouston@glancylaw.com
bsachsmichaels@glancylaw.com

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
prajesh@glancylaw.com

**KIRBY MCINERNEY LLP**
Ira M. Press
Thomas W. Elrod
Andrew M. McNeela
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com
amcneela@kmllp.com

*Counsel for Plaintiff Anthony Viskovich*

15